e

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRANDI STALNAKER,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-01292 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| BAKER HUGHES A G E CO L L C ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## ORDER

This lawsuit arises from events that occurred at an industrial manufacturing facility formerly owned and operated by Dresser, LLC. The facility is located at 8011 Shreveport Highway in Pineville, Louisiana (the "Dresser Facility"). Claimants contend that, during the approximately 50 years in which the Dresser Facility was operational, solvents, cutting oils, acids, and caustics were disposed of improperly – thereby causing groundwater and soil contamination to their respective properties. In November of 2011, when personnel at the Dresser Facility were conducting excavations to repair components of a fire suppression system, claimants allege that excavators fractured a fire hydrant near a chemical storage building, which led to the collection of soil and water samples from stockpiled soils and the holding tank for laboratory analysis. This sampling allegedly revealed excessive levels of TPH in the soil and groundwater underlying the Dresser Facility.

1

On January 8, 2020, the Louisiana Department of Environmental Quality ("DEQ") notified property owners and residents in affected areas of the groundwater and soil contamination emanating from the Dresser Facility (the "Alleged Contamination"). In essence, the DEQ notice stated that Dresser, as the owner of the facility, bears the responsibility for investigating the contamination, described the results of Dresser's preliminary investigations, and explained Dresser's proposed remediation processes. Claims of widespread damage to health and property followed the DEQ notice.

This lawsuit and others – the "Related Cases" – generally arise from the Alleged Contamination.[1] The Court conducted a status conference attended by counsel for all parties in all Related Cases. Class certification was a central topic. All parties indicated – at least generally – that class certification must be considered. Counsel for Plaintiffs filed a notice jointly requesting a period of "pre-certification discovery." Counsel for Defendants indicated that they had contemplated, and did

---

[1] The "Related Cases" pending before this Court are: *Alexander v. Dresser, LLC*, No. 1:21-cv-00161-DCJ-JPM (W.D. La. Dec. 30, 2020); *Barnes v. Dresser, LLC*, No. 1:21-cv-00024-DCJ-JPM (W.D. La. Jan. 6, 2021); *Barrett v. Dresser, LLC*, No. 1:20-cv-01346-DCJ-JPM (W.D. La. Oct. 16, 2021); *Cook v. Dresser, LLC*, No. 1:21-cv-00696-DDD-JPM (W.D. La. March 1, 2021); *D&J Investments of Cenla, LLC v. Baker Hughes, a GE Co., LLC*, No. 1:20-cv-01174-DCJ-JPM (W.D. La. July 31, 2020); *Epperson v. Dresser, LLC*, No. 1:21-cv-00155-DCJ-JPM (W.D. La. Dec. 30, 2020); *Hyatt v. Baker Hughes Holdings LLC*, No. 1:20-cv-01460-DCJ-JPM (W.D. La. Sept. 25, 2020); *Jacques v. Baker Hughes, a GE Co., LLC*, No. 1:21-cv-00315-DCJ-JPM (W.D. La. Jan. 7, 2021); *LeBlanc v. Baker Hughes, a GE Co., LLC*, No. 1:21-cv-00142-DCJ-JPM (Dec. 30, 2020); *Perry v. Baker Hughes, a GE Co., LLC*, No. 1:20-cv-01293-DCJ-JPM (W.D. La. Aug. 21, 2020); *Stalnaker v. Baker Hughes, a GE Co., LLC*, No. 1:20-cv-01292-DCJ-JPM (W.D. La. Aug. 4, 2020); *Wahlder v. Baker Hughes, Inc.*, No. 1:20-cv-00631-DCJ-JPM (May 8, 2020). Though the Court understands that two lawsuits arising from similar circumstances are currently pending before another federal district court, and at least one additional lawsuit is currently pending before a state court, the vast majority of related cases are pending in the Alexandria Division of the Western District of Louisiana – the district and division in which the Alleged Contamination occurred and in which all claimants reside and/or own property.

not formally oppose, such a period.  The Court recognizes the importance and time-sensitivity of the issue.

Therefore, IT IS ORDERED that the all parties in all Related Cases comply with the following deadlines and instructions regarding pre-certification discovery:

1. **Initial Disclosures:** The parties remain bound by the requirements of Fed. R. Civ. P. 26(a)(1).  If they have not done so already, the parties will exchange initial disclosures within 14 days of the date of this Order.

2. **Current Deadlines:** Any other pretrial deadlines not set or adopted in this Order are suspended.

3. **Settlement:** Nothing in this Order: (1) prohibits the parties from discussing settlement; (2) limits the scope of any settlement discussions; (3) limits or forecloses discussions regarding settlement of individual cases; (4) prohibits the parties from discussing a collective or comprehensive settlement; or (5) prohibits the parties from discussing a request that the Court certify a "settlement class" or issue other orders to facilitate a collective or comprehensive settlement.

4. **Motions:**

    a. As to any motions already filed, the parties will complete briefing.  The Court may decide, or defer decision, as to any such motion.

    b. During Pre-Certification Discovery, the parties may only file motions that are case-dispositive, including jurisdictional motions and motions for summary judgment.  However, the parties are strongly discouraged

from filing any motion that is not wholly dispositive, for which additional discovery of any kind may be needed, or that is based upon a defect that may be cured by amendment or stipulation. In this regard, the Court specifically instructs the parties to focus their litigative efforts on the Pre-Certification Discovery ordered herein.

5. **Pre-Certification Discovery:**

    a. **Scope:**

        i. The scope of Pre-Certification Discovery is limited to the issue of class certification under Fed. R. Civ. P. 23.

        ii. With the understanding that in certain limited respects Pre-Certification Discovery may overlap with the "merits" of a claim or defense, the discovery ordered herein must be substantially related to the issue of class certification, as principally set forth in subsections (a), (b), (c)(4), and (c)(5) of Fed. R. Civ. P. 23.

        iii. Pre-Certification Discovery may include, for example, the geographical area affected by the Alleged Contamination. This discovery would be probative of "numerosity" under Fed. R. Civ. P. 23(a)(1).

        iv. Pre-Certification Discovery may not include, for example, whether a particular concentration of a hazardous chemical caused an individual's particular adverse health condition.

4

    v. This Order does not affect or limit investigation or factual development undertaken by a party outside discovery requests propounded upon other parties to the litigation. As to any such efforts, the parties will make reasonable attempts to cooperate before requesting relief from the Court.

b. **Form:**

    i. Stipulations: The parties may – and are strongly encouraged to – voluntarily disclose information and enter into stipulations regarding any factual, procedural, or legal issues if the stipulation is not inconsistent with the Court's orders. The parties will not use "boilerplate" or artful language in the discovery process.

    ii. Conferral: The parties will confer regularly, and verbally, regarding any pre-certification discovery issues. The parties are strongly discouraged from taking positions, or making arguments to the Court, which may be considered tenuous, novel, or uncooperative.

    iii. Joint Discovery: The parties may – and are encouraged to – conduct discovery jointly, if all participating parties agree to the same.

    iv. Written Discovery: The parties will use written discovery devices to the exclusion of any alternative forms of discovery. Pre-certification discovery should not include information that is

    publicly available, that is part of the record of other litigation, or that is otherwise easily available from an alternative source.

   v. **Depositions**: A party must seek leave of court to take a deposition during Pre-Certification Discovery. Leave will be granted only if the Court determines that the deposition is the only available means of discovery, and that the testimony sought is proportional – in relevance or weight – to the burdens to be incurred by the deponent or another party.

 c. **Duration:**

  i. The parties in all Related Cases will complete pre-certification discovery within 120 days of the date of this Order.

  ii. Any motion affecting the duration of Pre-Certification Discovery must include a certification by counsel of reasonable attempts to consult counsel for all other parties in all Related Cases regarding their consent or opposition to the motion.

 d. **Disputes:**

  i. The Court will attempt to resolve any disputes verbally, and on an expedited basis.

  ii. The parties will confer in accordance with Fed. R. Civ. P. 37, and will exhaust all other means of potential resolution, before requesting relief from the Court.

6. **Filings**

a. **Form:**

   i. Within 21 days of the close of Pre-Certification Discovery, Plaintiffs may file a Motion to Certify or a Notice of Compliance with an attached memorandum formally declining to move for class certification.

   ii. Within 14 days of Plaintiffs' filing, Defendants may file a Notice of consent or a Memorandum in Opposition.

   iii. Plaintiffs may reply to Defendants' filing within 10 days.

b. **Substance:**

   i. Plaintiffs and Defendants will submit one filing in all Related Cases, noting any party's refusal to join in the submission. Parties may not submit supplemental or parallel filings.

   ii. A Motion to Certify Class must contain:

   1. a list of any factual or legal stipulations reached by the parties in a particular case;
   2. a list of any ongoing disputes between Plaintiffs and Defendants regarding class certification;
   3. a list of proposed classes and subclasses;
   4. a definition of each proposed class or subclass; and
   5. a certification of whether Plaintiffs request an oral argument or evidentiary hearing on class certification.

   iii. A Notice of Compliance must contain:

> > 1. a statement confirming that Plaintiffs do not seek class certification; and
> > 2. a brief explanation.
>
> c. **Procedure:** The Court will determine whether to conduct a class certification hearing after class certification briefing is complete. The Court may also require the parties to file exhibit lists, witness lists, and proposed orders before a class certification hearing.

7. **Decision:**

   a. The Court will decide the issue of class certification on an expedited basis.

   b. Thereafter, the Court will set appropriate deadlines and procedures for any remaining pretrial proceedings, including fact and expert discovery, and will consider submissions already made by Defendants in doing so.

   c. The parties may – and are encouraged to – stipulate as to any matter not set forth in this Order. Absent stipulation, the parties may seek relief from the Court by requesting a status conference if possible, or by filing a written motion if necessary.

SIGNED on Thursday, April 8, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE