c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KERRY BARRET, *ET AL.*, Plaintiffs | CIVIL ACTION NO. 1:20-CV-01346 |
| VERSUS | JUDGE JOSEPH |
| DRESSER, L.L.C., *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

On October 1, 2021, the undersigned issued a Coordinated Discovery Order (ECF No. 66) in this lawsuit and other "Related Cases."[1] In subsequent conferences, the parties have requested additional instructions and/or clarification. The Court has carefully monitored any progress in the Related Cases, considered relevant guidance,

---

[1] The "Related Cases" pending before this Court are: *Alexander, et al. v. Dresser, LLC, et al.*, No. 1:21-cv-00161- DCJ-JPM (W.D. La. Dec. 30, 2020); *Barnes, et al. v. Dresser, LLC, et al.*, No. 1:21-cv-00024-DCJ-JPM (W.D. La. Jan. 6, 2021); *Barrett, et al. v. Dresser, LLC, et al.*, No. 1:20-cv-01346-DCJ-JPM (W.D. La. Oct. 16, 2021); *Cook, et al. v. Dresser, LLC, et al.*, No. 1:21-cv-00696-DDD-JPM (W.D. La. March 1, 2021); *D&J Investments of Cenla, LLC, et al. v. Baker Hughes, a GE Co., LLC, et al.*, No. 1:20-cv-01174-DCJ-JPM (W.D. La. July 31, 2020); *Epperson, et al. v. Dresser, LLC, et al.*, No. 1:21-cv-00155-DCJ-JPM (W.D. La. Dec. 30, 2020); *Hyatt v. Baker Hughes Holdings LLC*, No. 1:20-cv-01460-DCJ-JPM (W.D. La. Sept. 25, 2020); *Jacques, et al. v. Baker Hughes, a GE Co., LLC, et al.*, No. 1:21-cv-00315-DCJ-JPM (W.D. La. Jan. 7, 2021); *LeBlanc, et al. v. Baker Hughes, a GE Co., LLC, et al.*, No. 1:21-cv-00142-DCJ-JPM (Dec. 30, 2020); *Perry, et al. v. Baker Hughes, a GE Co., LLC, et al.*, No. 1:20-cv-01293-DCJ-JPM (W.D. La. Aug. 21, 2020); *Stalnaker v. Baker Hughes, a GE Co., LLC, et al.*, No. 1:20-cv-01292- DCJ-JPM (W.D. La. Aug. 4, 2020); *Wahlder v. Baker Hughes, Inc., et al.*, No. 1:20-cv-00631-DCJ-JPM (May 8, 2020); *Petty, et al. v. Dresser, LLC, et al.*, No. 1:21-cv-02586-DCJ-JPM (W.D. La. Aug. 18, 2021). Though the Court understands that two lawsuits arising from similar circumstances are currently pending before another federal district court, and at least one additional lawsuit is currently pending before a state court, the vast majority of related cases are pending in the Alexandria Division of the Western District of Louisiana – the district and division in which the Alleged Contamination occurred and in which all claimants reside and/or own property.

and weighed the parties' competing interests as well as the Court's interest in efficient resolution or litigation.

With those considerations in mind, IT IS ORDERED that, as to subsection "**3.a. Coordinated Discovery**," the Coordinated Discovery Order of October 1, 2021, is AMENDED as follows:

- the Court maintains the ordered distinction between discovery related to "liability" and other categories of discovery.[2]

- However, to the extent it has been implicit, the Court now explicitly states that parties may file motions before the undersigned regarding any *particular dispute* as to this distinction. The Court will not generally define categories of discovery, but rule regarding the application of the ordered distinction in a particular situation if possible.

- If possible, the parties should request expedited briefing and decision, as well as oral argument, regarding any motion practice pertaining to this subsection.

IT IS FURTHER ORDERED that, as to subsection "**7. Motions**," the Coordinated Discovery Order of October 1, 2021, be AMENDED as follows:

"The parties may file any motion related to discovery allowed by the Federal Rules of Civil Procedure. The parties may also file a motion for leave to file another

---

[2] At this juncture, the Court cannot effectively "clarify" any such distinctions in all Related Cases, or even in a particular one without more information. There remains a substantial – prohibitive – risk that doing so would deepen a current dispute, or apply ineffectively in a particular case.

Meanwhile, the Court remains convinced that the distinction should remain in place. It can, and in at least some instances will, aid settlement discussions, other discovery efforts, and procedural progress. At least in discussions with the Court so far, the parties have not exhausted every effort to observe the distinction while attempting to settle. And the Court's remaining instructions should resolve any other surviving issues.

motion that is procedural, or partially or wholly case-dispositive, in nature. The parties shall not file any motion for which additional discovery is needed, which addresses a defect that may be cured by amendment or stipulation, or which otherwise is obstructive the progression of this matter. <u>Moving parties will, in good faith and in their best judgment, determine whether a potential motion should be foregone or delayed under the preceding sentence. In case of any ambiguity, moving parties should consult with opposing counsel. If the parties disagree after conferring, a motion for leave may be filed. If the parties agree that a motion comports with current orders and should be filed, leave is not required. Motions which seek specific clarification of the scope of limited discovery, or which may result in the dismissal of parties or claims against all parties, would likely be considered.</u>

The Court will attempt to resolve any <u>disputes or motions</u> verbally, and on an expedited basis. The parties will confer in accordance with Fed. R. Civ. P. 37, and will exhaust all other means of potential resolution, before requesting relief from the Court.

IT IS FURTHER ORDERED that the duration of limited discovery set forth in subsection "**3.c. <u>Duration</u>**," is hereby EXTENDED for 30 additional days, or until <u>Friday, April 29, 2022</u>.

IT IS FURTHER ORDERED that the Coordinated Discovery Order of October 1, 2021 remains effective as written, except as revised herein.

3

IT IS FINALLY ORDERED that this Order shall be filed in all Related Cases, and in any Related Case subsequently filed in, removed to, or transferred to, this Court.

SIGNED on January 27, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE